ALFRED B. RAMSDELL, Trustee, *vs.* HORACE C. WHEELER.

The trustee of a married woman's estate, appointed under Pub. Stat. R. I. cap. 166, § 18, may maintain an action against the husband to recover the wife's property. In the case at bar it was held that the trustee could bring trover and conversion against the husband to obtain the wife's jewelry.

TROVER AND CONVERSION. Heard by the court, jury trial being waived.

*December* 12, 1890. DURFEE, C. J. This action was tried to the court, jury trial having been waived. It appeared at the trial that June 8 of the present year, the defendant and his wife Annie H., both being advanced in years, were married; that July 26, following, he took into his possession jewelry of much value, belonging to her, and which had been hers before the marriage, and refused to restore it; and that, August 2, this court, on her petition, by her next friend, appointed the plaintiff trustee of her property, under Pub. Stat. R. I. cap. 166, § 18. The plaintiff immediately afterwards demanded, as such trustee, the jewelry of the defendant, and he refused to give it up. The plaintiff then brought this action, which is trover, for the conversion thereof. The defendant justifies his conduct by testifying that before the marriage Mrs. Wheeler promised him, he being poor and she rich, that she would furnish him a home and provide and care for him for the rest of his days, in consideration of his marrying her, and that he had

merely taken the jewelry to insure the fulfilment of the contract, which she had shown signs of not intending to keep. Of course such a justification can avail nothing; for whatever right the contract may give him, he can have no such remedy. His counsel takes another ground, contending that the action could not have been maintained at common law, and that our statute in regard to the property of married women has not so far changed the common law that the action can be maintained under the statute.

Our statute, Pub. Stat. R. I. cap. 166, provides that "the real estate, chattels real, and personal estate, which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, shall be absolutely reserved to her sole and separate use ; " that it shall not be taken for her husband's debts, and that on his death in her lifetime, it " shall be and remain her sole and separate property." It enables her, by giving notice, to deprive her husband of power to collect the rents and profits, and by § 18, before mentioned, empowers the court on her petition by her next friend to appoint a trustee of her property, " who may, in his name as trustee, sue for, recover, and hold such property." We think there can be no doubt, if any person other than Mrs. Wheeler's husband had taken her jewelry and refused to restore it on demand, to her or her trustee, that the trustee, under said cap. 166, and said § 18, could maintain trover for the conversion. The statute contains no exception in this respect in favor of the husband ; and certainly we cannot presume one, for the presumption would contravene the manifest purpose of the provision for the appointment of a trustee ; namely, to secure to the wife, in fact as well as in law, her property, to her sole and separate use, against her husband as well as others, and against him the more especially, since he and she are interested in common to protect it from others. We are of opinion that the action can be maintained, and that the plaintiff is entitled to judgment.

*Adoniram J. Cushing,* for plaintiff.

*Warren R. Perce,* for defendant.